(579 P 2d 729)

No. 49,774

STATE OF KANSAS, *Appellant,* v. JERRY BROWN, *Appellee.*

Opinion filed June 9, 1978.

*H. Scott Beims,* county attorney, and *Curt T. Schneider,* attorney general, for the appellant.

*Laurence A. Taylor* and *Ronald S. Shalz* of Cooper, Shalz & Kriss, of Colby, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

FOTH, C.J.: This is an interlocutory appeal by the State from an order suppressing evidence.

The evidence suppressed consisted of:

1.    approximately 300 pounds of marijuana in sacks;
2.    approximately 50 marijuana plants;
3.    a box of pipes and other paraphernalia associated with the use of marijuana and hashish;
4.    a hashish cooker;
5.    a trash compacter containing marijuana;
6.    two scales.

It had been seized under a search warrant by the sheriff of Rawlins county from the grounds and outbuildings of the farmstead occupied by the defendant, Jerry Brown.

The suppression hearing was conducted by the trial court after the defendant had been bound over for trial on a charge of possessing marijuana with intent to sell. The court found that the warrant failed to describe the premises to be searched with

sufficient specificity, and that the affidavit in support of the warrant did not contain adequate facts to support a determination of probable cause. Because we agree that the affidavit was inadequate we do not reach the other question.

The rules relating to the issuance of search warrants are well settled, and were recently recapitulated in *State v. Morgan,* 222 Kan. 149, 151, 563 P.2d 1056 (1977):

"Sufficient facts must be placed before the issuing magistrate to enable him to make an intelligent and independent determination that probable cause exists. Bald conclusions, mere affirmations of belief, or suspicions are not enough and, while an affidavit may be based on hearsay, there must be sufficient affirmative allegations of fact as to affiant's personal knowledge to provide a rational basis upon which a magistrate can make a judicious determination of probable cause . . . ."

At a suppression hearing the burden of proving that the search and seizure were lawful and supported by probable cause is on the State. K.S.A. 22-3216(2); *State v. Morgan,* supra.

In this case the sheriff's affidavit contained the following statements:

"On Friday, October 7, 1977, I was in the area of the residence of Jerry Brown in Rawlins County, Kansas and while there I drove into the yard to see if he was at home and noticed what I believed to be marijuana growing in a corral southwest of the barn on said property. I again observed the plants believed to be marijuana in the same location on the following day. Allen Brooks was with me and we looked at the marijuana through field glasses on Saturday and Dal Argabright was with me on Friday. We also found on Friday that quite a bit of marijuana had been harvested in the area near his home recently and feel that with the marijuana growing in his yard that there is reason to believe that he has stored some of the other marijuana harvested in the area and that it is probably stored in one of the buildings on the farmstead. Consequently, a search warrant is needed to search the farmyard and all buildings on said farmstead."

As may be seen, there are only two relevant factual allegations in the affidavit: (1) the sheriff and others had seen marijuana growing in defendant's corral; and (2) marijuana had recently been harvested by someone in the area near defendant's farm home. From these two facts the magistrate was asked to draw the inference that marijuana was "probably stored in one of the buildings on the farmstead." We agree with the trial court that the inference may not properly be drawn.

First, the presence of marijuana growing in the corral does nothing to show the presence of cut marijuana in the barn. We take judicial notice of the fact that marijuana grows wild

throughout most of Kansas. There is no indication in the affidavit that the growing marijuana was cultivated or that any of it had ever been harvested, or that the corral was in such use that defendant was necessarily charged with knowledge of its presence.

Second, the fact that unknown persons had recently harvested marijuana "in the area near" defendant's home gave no indication that defendant was the harvester. The affidavit says nothing about how near defendant's home the harvesting took place, whether it was accessible to casual passersby, who else lived close to the harvested crop, or who owned the land on which it grew.

In short, there was absolutely nothing to tie defendant to the harvested marijuana except a vague allegation of geographical proximity and the presence of growing but unharvested marijuana in his corral. We agree with the trial court that these facts give rise to at best a suspicion, and do not show probable cause.

The State also suggests that the defendant did not have standing to raise the search and seizure issue because the farm on which he lived was actually owned by a corporation. This issue is being raised for the first time on appeal and will not be considered. In addition, the sheriff's affidavit itself describes the premises to be searched as "the farmstead occupied by Jerry Brown," and the possession charge must necessarily depend on defendant's being in possession of the premises where the marijuana was found. Such possession was enough to give him standing.

Affirmed.