**UNITED STATES of America,
Appellant,**

v.

**Melvin E. HITTLE, Appellee.**

No. 77–1129.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 13, 1978.

Decided April 28, 1978.

Rehearing Denied June 14, 1978.

James P. Buchele, U. S. Atty., Topeka, Kan. (E. Edward Johnson, U. S. Atty., and

Douglas B. Comer, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellant.

David J. Phillips, Asst. Federal Public Defender, Topeka, Kan. (Leonard D. Munker, Federal Public Defender, and John O. Martin, Asst. Federal Public Defender, Kansas City, Kan., on the brief), for appellee.

Before SETH, Chief Judge, and McWILLIAMS and LOGAN, Circuit Judges.

SETH, Chief Judge.

The defendant, Melvin E. Hittle, is charged with a violation of 18 U.S.C. § 2314, interstate transportation of stolen property. This is an interlocutory appeal by the Government, pursuant to 18 U.S.C. § 3731, from an order of the United States District Court for the District of Kansas, sustaining a defense motion to suppress evidence.

There are two primary issues on appeal. The first is whether the affidavit supporting the state search complies with the probable cause requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and second, whether additional evidence in the form of unrecorded sworn oral testimony before the Kansas magistrate can be considered in determining probable cause in light of the recording requirements of the Kansas statutes and the Federal Rules of Criminal Procedure.

We conclude the affidavit fails to meet the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and that unrecorded sworn oral testimony cannot be considered in determining probable cause in this context.

Prior to the initiation of any federal proceedings against him, the defendant was the subject of a state investigation of a stolen check ring. Pursuant to that investigation, Kansas State authorities obtained a search warrant for the residence of the defendant based upon the affidavit and oral testimony of a Kansas City, Missouri, police officer, Robert Swanson. The warrant was predicated upon information supplied by a confidential informant indicating that the defendant Hittle had in the apartment various items of contraband relating to the stolen check ring. Upon execution of the warrant the bulk of the articles specified by the informant as being in the defendant's possession were seized by the officers. Federal authorities were later notified of the existence of certain other items seized in the search which implicated the defendant in the commission of federal criminal offenses. On the basis of this evidence the defendant was charged with interstate transportation of stolen property.

Upon commencement of proceedings in United States District Court, defendant Hittle moved to suppress all evidence recovered under the state search warrant on the grounds that, under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, the issuing state magistrate did not have before him sufficient information to substantiate a finding of probable cause.

The affidavit presented to the Kansas State magistrate is set out below:

"On 10–27–76, a confidential informant stated that stolen checks from Time Interprises Inc. 3315 Winchester Kansas City Mo. along with a check protector were at 8606 Karlun, (sic) Blue Summit Mo. Based on this information a Search Warrant was obtained from Jackson County Magistrate Court Div. 3 and upon serving said warrant, the above listed checks and check protector were confiscated. This informant also stated that several checks, Stolen Money orders, were at Melvin Hittles, (sic) Apt. 1605 River View Dr. Kansas City, Kansas, she also stated that these stolen checks were being made out at this location, and stamped with a stolen check protector which Hittle also has in this apt. These checks were in Hittles apt. on 10–27. Based on the above information Kansas City, Kansas police officer Dan Houce, was contacted and he varified (sic) that Melvin Hittle lived at 1605 River View Apt. 11."

The United States District Court held that "The affidavit simply does not contain any statement setting forth the underlying

circumstances from which the informer concluded that several checks and stolen money orders were at defendant's apartment and stolen checks were being made out at that location."

The Government's brief states that the affidavit "did not, standing alone, satisfy the requirements of the *Aguilar v. Texas* test, in that it failed to show the basis for the informant's information."

■ At the outset, it is apparent that affidavits for search warrants must be treated in a common sense and realistic manner, and warrants issued thereon should not be interpreted hypertechnically. *United ed States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; *United States v. Holliday*, 474 F.2d 320 (10th Cir.); *United States v. Berry*, 423 F.2d 142 (10th Cir.). Nevertheless, the Fourth Amendment requires that the facts as set forth in the underlying affidavit be sufficient to allow a neutral magistrate to reasonably conclude that probable cause for a search exists.

The essential information in the present affidavit was obtained by the affiant through an unidentified informant. The rules to be followed in testing the validity of such information were announced in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723:

> "Although an affidavit may be based on hearsay information and need not reflect direct personal observations of the affiant, *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable'. . . ." At 114, 84 S.Ct. at 1514.

The two-pronged test enunciated in *Aguilar* was further explained in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637:

> ". . . In the absence of a statement detailing the manner in which the infor-

mation was gathered, it is especially important that the tip described the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." At 416, 89 S.Ct. at 589.

■ The affidavit here in question passes one prong of the test in that it states the informant has been reliable in the past, and it states sufficient underlying facts on which a magistrate could base a conclusion of reliability. However, the affidavit reveals no underlying circumstances from which to conclude that the informant's information in this case is accurate.

As mentioned earlier, aside from relying on the affidavit the Kansas magistrate placed officer Swanson under oath and asked him questions regarding the underlying circumstances from which the informer drew her conclusions. Officer Swanson's testimony was not recorded in any manner. The Government, in the suppression hearing, seeks to establish probable cause for the search by offering the testimony of officer Swanson and another police officer as to what Swanson testified to before the magistrate. It is urged that the unrecorded sworn testimony of Swanson, if admitted, would establish sufficient underlying circumstances from which a magistrate could conclude that the informant's information was accurate.

The federal rules and the Kansas statutes both permit the issuing magistrate, in addition to considering the affidavit, to examine the affiant and any additional witnesses before ruling on a request for a search warrant.

Fed.R.Crim.P. 41(c) provides, in part:

> "Before ruling on a request for a warrant the federal magistrate or state judge may require the affiant to appear personally and may examine under oath the affiant and any witnesses he may produce, provided that such proceedings shall be taken down by a court reporter or recording

equipment and made part of the affidavit. . . ."

K.S.A. 22–2502(2)(b) provides:

"(b) Before ruling on a request for a search warrant, the magistrate may require the affiant to appear personally and may examine under oath the affiant and any witnesses he or she may produce. Such proceeding shall be taken down by a certified shorthand reporter or recording equipment and made part of the application for a search warrant." History: K.S.A. 22–2502; L.1976, ch. 164, § 1; July 1.

Federal Rule 41(c) was amended in October, 1972 to provide for recording of oral testimony and incorporation of the recording into the affidavit. The Kansas rule was amended to the same effect in July, 1976. The amendments of both rules are applicable to the case at bar.

The underlying rationale of the amendment to Rule 41(c) is important, and the note to the amendment is instructive:

". . . If testimony is taken it must be recorded, transcribed, and made part of the affidavit or affidavits. This is to insure an adequate basis for determining the sufficiency of the evidentiary grounds for the issuance of the search warrant if that question should later arise." Fed.R. Crim.P. 41(c).

It is apparent the reason for adopting this procedural safeguard is to assure that the constitutional rights involved are adequately protected. The probable cause requirement would be significantly weakened if a court can rely on the recollection of those concerned to support a probable cause finding long after the search warrant has been issued. See Justice Brennan and Justice Marshall's dissent in Christofferson v. Washington, 393 U.S. 1090, 89 S.Ct. 855, 21 L.Ed.2d 783, upon a denial of certiorari. Although the recording requirement of the Kansas statute does not contain a note similar to the federal rule, the same reason was no doubt considered in adopting a recording requirement.

█ Prior to the amendment of Rule 41(c), a number of circuits had held, in the absence of a provision for written record, that all information necessary to show probable cause must be contained in the written affidavit. *United States v. Anderson,* 453 F.2d 174 (9th Cir.); *United States v. Beasley,* 485 F.2d 60 (10th Cir.) (a pre-amendment case). Two circuits have held under the amended rule that oral additions to a search warrant affidavit must be recorded and made part of the affidavit, otherwise evidence seized under an incomplete warrant must be suppressed. *See United States v. Sellers,* 520 F.2d 1281 (4th Cir.); *United States v. Acosta,* 501 F.2d 1330 (5th Cir.). We see no reason why the same rule should not apply to a state search where the recording requirements are virtually the same as the federal rule.

AFFIRMED.