(667 P.2d 397)
No. 55,528

· State of Kansas, *Appellant*, v. Lonnie Jacob, *Appellee*.

 Opinion filed
August 4, 1983. 

Calvin K. Williams, county attorney, and *Robert T. Stephan*, attorney general, for the appellant.

*Leonard W. McAnarney*, of Lyndon, for the appellee.

Before Foth, C.J., Spencer and Parks, JJ.

Spencer, J.: By this interlocutory appeal, the State seeks reversal of the order of the trial court which suppressed as evidence certain items seized pursuant to a search warrant.

Following the search during which the police officers discovered and seized marijuana plants and certain implements presumably associated with the cultivation of marijuana on his property, defendant was charged with possession of marijuana with intent to sell. K.S.A. 1982 Supp. 65-4127b(*b*)(3). Upon defendant's motion, the trial court suppressed "all evidence seized not in open field." The case proceeded to trial and the jury found defendant guilty. Defendant's motion for new trial was sustained. At the beginning of the second trial, the State moved for reconsideration of the suppression issue. After hearing arguments on this motion, the court found the magistrate had issued the search warrant "without probable cause and sufficient evidence," and upheld the earlier suppression order.

In *State v. Rose*, 8 Kan. App. 2d 659, 665 P.2d 1111 (1983), this court held:

"A judge, in determining whether to issue a search warrant, should consider the 'totality of the circumstances' presented and make a practical, common-sense decision whether there is a fair probability that contraband or evidence of a crime will be found in that particular place." Syl. ¶ 2.

"Our scope of review of whether there was probable cause to issue a search warrant is to ensure that the judge who issued the warrant had a substantial basis for concluding that probable cause existed." Syl. ¶ 3.

The "totality of the circumstances" analysis, as adopted in *Rose*, was based on the majority opinion rendered in *Illinois v. Gates*,

462 U.S. ____, 76 L.Ed.2d 527, 103 S.Ct. 2317 (1983), wherein it was noted that a most basic function of any government is to provide for the security of the individual and of his property, and:

"Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued. . . .

". . . The essential protection of the warrant requirement of the Fourth Amendment . . . is in 'requiring that [the usual inferences which reasonable men draw from evidence] be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' " 462 U.S. at ____, 76 L.Ed.2d at 549.

The foregoing does not in any manner constitute a departure from what was stated by this court in *State v. Brown*, 2 Kan. App. 2d 379, 380, 579 P.2d 729 (1978):

" 'Sufficient facts must be placed before the issuing magistrate to enable him to make an intelligent and independent determination that probable cause exists. Bald conclusions, mere affirmations of belief, or suspicions are not enough . . . .'
At a suppression hearing the burden of proving that the search and seizure were lawful and supported by probable cause is on the State."

In the matter before us, the search warrant was issued on the strength of the affidavit and application of one James Young, an agent of the Kansas Bureau of Investigation. The affidavit sets forth the possible charge, the nature of the contraband and evidence expected to be discovered, and proposes a search of "all grounds, residences, buildings, barns outbuildings, vehicles or other storage facilities" located on a tract of land approximately 2640 feet in length by 300 feet in width. That affidavit recites:

"That the affiant personally viewed an open field, surrounded by trees approximately 30 feet by 30 feet, in which four marijuana plants were growing. The affiant further viewed what appeared to be several stalks of marijuana which were 'trampled down' by human feet. Several sets of footprints were viewed and the voices of more than one person were overheard. Based on the condition of the field, the affiant has reason to believe and does believe the field was cultivated with marijuana. Therefore affiant requests a search warrant for the above-mentioned grounds, residence, all outbuildings on the grounds and all vehicles at the location. The original entry was based on information gathered in aerial photographs of this particular tract of land."

The facts contained in this affidavit, and by that means placed before the magistrate, are: (1) The agent personally viewed an open field which was approximately 30 feet by 30 feet in dimension and surrounded by trees, in which four marijuana plants were growing. (2) He saw what to him appeared to be several stalks of marijuana which were trampled by human feet. (3) He saw several sets of footprints and heard the voices of more than one person. Based upon these facts, the agent concluded marijuana was being cultivated and the entire premises should be searched.

We agree with the trial court that the affidavit in support of the application for warrant in this case was not sufficient to support a conclusion by a "neutral and detached magistrate" that there was probable cause to believe defendant was cultivating marijuana on his land, and that contraband or evidence of a crime would likely be found in the residence and outbuildings and on the surrounding grounds.

The issuing magistrate must have known marijuana grows wild through much of the state. *State v. Walter,* 8 Kan. App. 2d 461, 464, 660 P.2d 574 (1983), *rev. granted* May 6, 1983. The mere presence of marijuana does not imply the marijuana was cultivated or that any of it had been harvested. *State v. Brown,* 2 Kan. App. 2d at 380-81.

The observation of several trampled stalks of what appeared to be marijuana and the presence of footprints and voices, while consistent with human habitation, are hardly sufficient to indicate the presence of criminal activity. These facts give rise to no more than a mere suspicion at best. Affiant fails to indicate whether the stalks had been accidently trampled or whether they were recently stripped and neatly placed. Details regarding the condition of the field are not provided. Finally, although there is a reference to aerial photographs, there is no indication of what those photographs revealed.

The State suggests the factual inadequacies of the affidavit should be overlooked because the affiant was a KBI agent. While we recognize a KBI agent may have special expertise in determining whether criminal activity has been or is being committed, that alone will not justify a finding of probable cause by a neutral and detached magistrate. Mere conclusions of the affiant are not sufficient.

732

We were advised at oral argument that the "stalks" observed by Agent Young had been cut, stripped, and stacked before being "trampled." Had this information been in the affidavit, there would have arisen a ready inference of harvesting, easily justifying the warrant issued. It was also suggested at oral argument that such additional information may have been supplied orally to the issuing magistrate. If so, that fact would make the decision to issue the warrant easily understandable. However, K.S.A. 22-2502($a$) requires that oral statements relied on to support a warrant be given under oath and reduced to writing. This was not done in this case, and we must assume that the warrant was issued solely on the basis of the contents of the affidavit. The contents, as discussed above, were fatally deficient.

Affirmed.