(696 P.2d 418)
No. 57,085

WILLIAM RONALD HEARRON, *Appellant*, v. STATE OF KANSAS,
*Appellee*.

Opinion filed·
March 7, 1985.

*John C. Humpage*, of Humpage, Berger and Hoffman, of Topeka, for appellant.

*John J. McNally*, chief deputy district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before PARKS, P.J., ABBOTT and SWINEHART,· JJ.

PARKS, J.: Petitioner, William Ronald Hearron, appeals from the trial court's order denying him relief sought under K.S.A. 60-1507.

On February 1, 1979, Detective Ernest Orr of the Kansas City Police Department filed an affidavit for a search warrant seeking permission to search the petitioner's residence for various items which had been stolen in residential burglaries. The judge also heard oral testimony from Detective Orr and a confidential informant regarding the application for the search warrant and this testimony was recorded on tape. However, a transcription of the tape was not filed with the clerk of the district court until June 28, 1984. The confidential informant, whose identity was not revealed because of fear for his' safety, testified that he was aware that stolen property was inside the residence because he had been to the house, he was "familiar with the little system"

used for selling stolen merchandise and the resident told him the items were stolen.

Based on the affidavit and oral testimony, the judge signed a search warrant for petitioner's residence. Detective Orr and members of the S.C.O.R.E. Unit executed the search warrant on February 1, 1979. In addition to the property listed on the search warrant, the officers found Jerome and James Scaife hiding behind a false ceiling in the attic. The petitioner and the Schaifes were suspects in a homicide committed in the course of a burglary attempt. James Scaife and petitioner were subsequently convicted of felony murder and several burglary and theft charges.

On direct appeal, the petitioner challenged only the murder conviction, which was affirmed. *State v. Hearron,* 228 Kan. 693, 619 P.2d 1157 (1980). On February 14, 1983, petitioner filed this motion to vacate his sentence pursuant to K.S.A. 60-1507, alleging that he had been denied effective assistance of counsel. The only allegation of error was based on trial counsel's failure to attempt to suppress the evidence seized during the execution of the 1979 search warrant. After considering the argument of the State and petitioner, the trial court held: (1) The written affidavit of Detective Orr, standing alone, was inadequate to support a finding of probable cause for the search warrant; (2) the oral proceedings were adequate for a finding of probable cause despite the fact that the informant's identity was not disclosed; and (3) the failure of trial counsel to request suppression of the fruits of the search warrant did not violate the petitioner's right to effective assistance of counsel. Petitioner filed a timely appeal.

The sole issue on appeal is whether petitioner was denied effective assistance of counsel by the failure of his trial attorney to file a motion to suppress the evidence seized in the execution of the search warrant.

Recently, in *Chamberlain v. State,* 236 Kan. 650, 694 P.2d 468 (1985), our Supreme Court adopted the standards for evaluating a claim of ineffective assistance of counsel announced by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). Our Court held that, although our own existing state guidelines remain viable, the prevailing yardstick for a Sixth Amendment claim should be the following *Washington* standards:

"*First:* The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

"*Second:* A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside of a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.

"(a) The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

"(b) With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Chamberlain,* 236 Kan. at 656-57.

Petitioner contends that the evidence seized in the search of his home was critical to his convictions. He argues that the search warrant authorizing this search was defective and, thus, that defense counsel's failure to obtain suppression of the evidence amounted to a denial of effective assistance. Petitioner alleges the following defects in the warrant: (1) the oral testimony was not reduced to writing as required by K.S.A. 22-2502 (a); (2) the identity of the confidential informant was not revealed; (3) the testimony offered in support of the application was insufficient for a probable cause finding; and (4) the warrant was the product of pretext and deception.

To evaluate petitioner's argument in light of the standards adopted in *Chamberlain,* we must first decide whether, considering all of the circumstances, counsel's failure to file a motion to suppress the seized evidence indicates defective representation. To accomplish this task we must consider the likelihood that such a motion would have been successful from the perspective

of trial counsel. If we conclude that the representation received by petitioner fell below an objective standard of reasonableness, we must then determine whether there is a reasonable probability that, but for this conduct, the outcome of petitioner's trial would have been different.

The evidence offered in support of the issuance of the search warrant consisted of written and oral testimony. After reviewing Detective Orr's written affidavit, we concur with the district court that, standing alone, it was insufficient to support the issuance of the warrant. However, the additional sworn oral testimony of the confidential informant that within the previous 72 hours he had seen stolen property in the residence to be searched, that he was told by a resident that it was stolen and that he was familiar with the residents' system of selling stolen merchandise, supplied probable cause for the warrant's issuance. Therefore, taking into account all of the evidence provided to the magistrate, a motion to suppress based on insufficiency of probable cause would have been denied. However, petitioner contends that the oral testimony would have to have been excluded from a probable cause review because a transcript of the testimony was not prepared in accordance with K.S.A. 22-2502(a).

K.S.A. 22-2502 provides, in part, that any statement which is made orally shall be either taken down by a certified shorthand reporter, sworn to under oath and made part of the application for a search warrant, or recorded before the magistrate from whom the search warrant is requested and sworn to under oath. It further states that any statement orally made shall be reduced to writing as soon thereafter as possible. In this case, the sworn oral testimony was recorded but a transcript was not prepared until four years later. Petitioner contends that this irregularity in the preservation of the testimony given in support of the warrant's issuance disqualifies it from the court's consideration of whether probable cause was established. We disagree.

The oral testimony taken before the magistrate was sworn and sufficient to supply probable cause for the search warrant. Thus, there is no constitutional reason for the testimony not to be considered. *State v. McMillin*, 206 Kan. 3, 6, 476 P.2d 612 (1970). Petitioner cites *United States v. Hittle*, 575 F.2d 799 (10th Cir. 1978), claiming that the failure to conform to K.S.A. 22-2502 is

sufficient reason on its own to disqualify the testimony. In *Hittle*, unrecorded sworn testimony was offered to meet the probable cause requirement unsatisfied by the written affidavit. Focusing on K.S.A. 22-2502 (b), the court noted that the purpose of this statute was to insure a means of examining the evidentiary basis of a search warrant if later questions arose. Since the oral testimony was not recorded it could not be examined or considered in the probable cause review.

In this case, the testimony was recorded; it simply was not transcribed until a much later date. The preservation purpose of K.S.A. 22-2502 was satisfied by the tape recording taken of the testimony and the transcription could be made whenever it became necessary. K.S.A. 22-2511 provides that no search warrant shall be quashed or evidence suppressed because of technical irregularities not affecting the substantial rights of the accused. Since the testimony was recorded and our review of the transcribed evidence reveals that it provided probable cause in support of the warrant's issuance, petitioner's rights were in no way impaired by the earlier unavailability of the transcript. Therefore, the State's failure to have the recording transcribed at an earlier date, if contrary to the statute at all, is merely a technical irregularity which is insufficient to compel disregard of the testimony itself.

Petitioner also argues that the search warrant was defective and susceptible to a successful motion to suppress because the confidential informant was not identified and because the warrant was the product of pretext and deception.

When probable cause for a search warrant is in issue rather than the defendant's guilt or innocence, the State generally need not disclose the identity of the informant. *State v. Jacques*, 2 Kan. App. 2d 277, 288, 579 P.2d 146, *aff'd as modified* 225 Kan. 38 (1978). The informant testified in person, under oath, and was subjected to examination by the court. We fail to see how the confidentiality provided the informant in any way undermined the basis for the warrant.

We also fail to see any merit in petitioner's claim that the court was somehow deceived concerning the police motives for seeking the warrant. Detective Orr testified that he received the information that stolen property could be found at the residence sought to be searched during the course of an investigation of a

homicide committed after a burglary. He further informed the court that he had been told that two of the individuals living at the residence had committed burglaries characterized by the same method of operation as that employed in the burglary which preceded the homicide he was investigating. The court was thus made completely aware of the police suspicion that evidence yielded by the search might bear on the homicide case as well as suspected property crimes.

Having concluded that petitioner's allegations that the search warrant was defective are without merit, we are unable to conclude that trial counsel's failure to challenge the warrant constituted deficient representation. Therefore, petitioner has failed to establish even the first prong of the *Chamberlain* test, and his claim of ineffective assistance of counsel was correctly denied relief by the district court.

Affirmed.