(980 P.2d 594)
No. 80,012

STATE OF KANSAS, *Appellee*, v. REBECCA CARDENAS, *Appellant*.

Opinion filed May 7, 1999.

*Grant D. Griffiths*, of Law Office of Grant D. Griffiths, of Washington, and *John Eyer*, of Monty and Eyer, of Washington, for appellant.

*Kim W. Cudney*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., RULON, J., and STEPHEN D. HILL, District Judge, assigned.

HILL, J.: Defendant Rebecca Cardenas appeals her convictions for possession of marijuana and possession of drug paraphernalia, claiming the district court erred in refusing to suppress certain evidence seized under a search warrant. Defendant additionally claims the evidence was insufficient to support her convictions.

On May 26, 1997, during a domestic disturbance, defendant and her husband were struggling in the kitchen of their home. Defendant was struck by her husband. During the altercation, defendant broke a plate over her husband's head, escaped from her home, and ran to a neighbor's house. The neighbor drove defendant to the sheriff's office.

In order to search for evidence of the domestic violence, the sheriff's department sought defendant's consent to search her home. Defendant gave written permission to search only the bathroom, kitchen, and other areas where the domestic violence occurred. When executing the search warrant, the sheriff's officers

arrested defendant's husband. Sheriff Overbeck, while examining the kitchen, noticed a trail of blood leading from the kitchen to the bedroom, so he followed the blood trail into the bedroom. Upon the sheriff's entry into the bedroom, he noticed a 4-inch long smoking pipe on the headboard shelf. The sheriff picked up the pipe and examined it. The pipe smelled of burnt marijuana, so the sheriff photographed it.

On May 26, 1997, the sheriff applied to the magistrate judge for a search warrant to search the defendant's residence. In the application for a search warrant the sheriff listed "possession of drug paraphernalia" and "possession of a drug known as marijuana" as the crimes for which he was seeking evidence. The sheriff did not complete the section of the search warrant form specifying the contraband or evidence for which he wanted to search. The sheriff stated in his affidavit he simply noticed a small pipe in plain sight which contained a burnt residue which was believed to be marijuana. In the application for the search warrant, the sheriff did not mention he had previously detected an odor of burnt marijuana when he examined the pipe. The application for the search warrant contained no other information which would support a finding of probable cause.

The district magistrate issued a search warrant for defendant's residence. The search warrant was a "form" that is attached as a carbon copy resting under the application and affidavit. The district magistrate signed the search warrant form but failed to fill in the space listing the items to be seized. Consequently, the search warrant listed no items which were to be seized. Such a warrant constitutes a general search warrant.

During the execution of the search warrant, the sheriff's officers found two "bong" pipes in a bedroom cabinet, three more pipes in an undisclosed location, and a planter containing small marijuana plants and seedlings on a bedroom floor. Later, testing indicated the "bong" pipes contained an unlawful residue.

Ultimately, this case was submitted to the district court upon stipulated facts. After the defense was unsuccessful in attempting to suppress the paraphernalia evidence, the court found defendant guilty.

Defendant raises three issues on appeal. We need only to consider the sufficiency of the search warrant issue.

The Fourth Amendment to the United States Constitution and Section 15 of the Bill of Rights of the Kansas Constitution provide that no warrant shall issue but on probable cause, and particularly describing the place to be searched and the *things to be seized.* The obvious purpose for this requirement is to prevent general searches and to prevent the seizure of an item at the discretion of a police officer. *Stanford v. Texas,* 379 U.S. 476, 13 L. Ed. 2d 431, 85 S. Ct. 506 (1965).

This case is analogous to *Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319, 60 L. Ed. 2d 920, 99 S. Ct. 2319 (1979). There, the United States Supreme Court noted the magistrate issued a warrant that did not include a description of items to be seized other than two allegedly pornographic films presented to the magistrate by the officers applying for the search warrant. The *Lo-Ji* court concluded:

"This search warrant and what followed the entry on petitioner's premises are reminiscent of the general warrant or writ of assistance of the 18th century against which the Fourth Amendment was intended to protect. . . . Based on the conclusory statement of the police investigator that other similarly obscene materials would be found at the store, the warrant left it entirely to the discretion of the officials conducting the search to decide what items were likely obscene and to accomplish their seizure. *The Fourth Amendment does not permit such action.*" (Emphasis added.) *Lo-Ji,* 442 U.S. at 325.

In Kansas, the test used to evaluate search warrant irregularities is one of practical accuracy rather than one of technical sufficiency and absolute precision. A search warrant must be practically accurate even though it may have some technical insufficiencies and imprecisions. *State v. LeFort,* 248 Kan. 332, 340, 806 P.2d 986 (1991).

Here, the search warrant issued completely failed to specify any items to be seized. This is well beyond "technical insufficiency." The district magistrate issued a general warrant delegating to the police officers unlimited discretion to determine which evidence within the house would qualify as fruits or instrumentalities of the crimes suspected. When a judge issues a search warrant that lists no items of evidence or contraband to be seized, the resulting

search warrant is a general search warrant and is fatally defective. Any evidence seized under a general search warrant is unreasonably seized and inadmissible as evidence, as fruits of an illegal search, under the Fourth Amendment of the United States Constitution and § 15 of the State of Kansas Constitution Bill of Rights.

In *LeFort*, the officers used a carbon form to impress a copy of the address onto the search warrant. The description did not completely transfer, leaving the warrant with an incomplete location. There, our Supreme Court concluded such defect was a technical error and allowed the officers to relate back to the application itself for the remainder of the address. *LeFort* does not control here. The search warrant and the affidavit in *LeFort* refer to the same address. Furthermore, the same officer filled out the affidavit and executed the search warrant, which would minimize the chance the police would search the wrong location. Finally, the *LeFort* affidavit contained a clear and correct version of the address.

Here, the affidavit contains no list of items to be seized. Clearly, the police may not use their unfettered discretion to determine what may or may not be fruits or instrumentalities of crime. *State v. Ames*, 222 Kan. 88, 92, 563 P.2d 1034 (1977). Even though the same officer filled out the affidavit and executed this search warrant, the constitutional flaw is that the sheriff proceeded without any guidance of the issuing magistrate. Here, the officers had unlimited discretion to seize evidence.

Even the good faith exception created in *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984), does not save this search warrant. The *Leon* Court stated: "[D]epending on the circumstances of the particular case, a warrant may be so facially deficient—*i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.*" (Emphasis added.) *Leon*, 468 U.S. at 923. No reasonable person could conclude this challenged search warrant was valid. There is no good faith exception when the search warrant fails to state the items to be seized.

The issuing district magistrate abandoned the judge's neutral and detached role and delegated to the sheriff the power to determine generally what items would be subject to seizure. This

defect is fundamentally unreasonable. Furthermore, we conclude that because the search warrant was invalid, the officers did not have permission for the second search, so the harmless error rule does not apply. An invalid general search warrant cannot bestow authority upon police officers to enter the dwelling of another. This search warrant was fatally defective, and the district court erred in failing to suppress the evidence seized. This cause is remanded with directions that all items seized under the challenged search warrant be suppressed and that a new trial be granted the defendant.

Reversed and remanded with directions.