(998 P.2d 137)
No. 83,079

State of Kansas, *Appellant*, v. Michael Lum, *Appellee*.

Opinion filed February 25, 2000.

*Julie McKenna*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Jack Focht*, of Foulston & Siefkin, L.L.P., of Wichita, for appellee.

Before KNUDSON, P.J., ROGG, S.J., and MATTHEW J. DOWD, District Judge, assigned.

ROGG, J.: The State makes an interlocutory appeal of the trial court's decision to suppress evidence.

A search warrant was issued for the search of defendant Michael Lum's residence. Lum subsequently filed a motion to suppress the evidence, in which he argued that the information supporting the warrant failed to provide probable cause for the issuance of the warrant.

The trial court granted Lum's motion. The State now brings an interlocutory appeal of the trial court's decision. The State contends that the court erred in suppressing the evidence found at Lum's Salina residence. This contention lacks merit.

Further facts appear in the analysis as needed.

The standard of review is well established: "When reviewing a decision on a motion to suppress, the appellate court gives great deference to the trial court's factual findings, though the ultimate determination of the suppression of the evidence is a legal question requiring independent appellate determination." *State v. Wakefield*, 267 Kan. 116, 131, 977 P.2d 941 (1999).

*Was there probable cause for the issuance of a search warrant?*

The trial court found that the affidavit lacked evidence pointing to the veracity or reliability of the officer/affiant's sources. Thus, the court found the affidavit did not provide a basis for the issuance of a search warrant of Lum's residence. Whether probable cause existed to issue a search warrant is determined by the totality of the circumstances. *State v. Grissom*, 251 Kan. 851, Syl. ¶ 20, 840 P.2d 1142 (1992).

" 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed.' [Citation omitted.]" *Grissom*, 251 Kan. at 910.

Here, the affidavit states:

"The affiant believes there is evidence of the crime of child pornography by use of a personal computer at 646 Prairie Lane, Salina, Kansas.

. . . .

". . . On Monday, January 13, 1997, Michael Lum contacted Scanners Escort Service, 3445 E. 47th Street South, Wichita, Kansas for the services of a woman who would engage in 'domination' activities with him. The service sent Karen Moore who arrived at 646 Prairie Lane, Salina, Kansas about 7:15 pm. At this house she met a male who identified himself a [*sic*] Michael Lum. Once inside the house Lum took her to a room on the second floor where a personal computer was located. He turned the computer on and displayed to her a white female wearing a garter belt with black stockings. No other clothing was worn and Lum told her the female depicted in the photograph was 13 years old. The second set of photos displayed was a nude female around the age of 5 or 6 years old with dishwater blond hair sitting on a beach. The third set of photos depicted a blond female about 10 years old wearing bikini style clothing similar to those worn by exotic dancers. Lum also told her that he preferred sexual partners to be 12 years old and older."

The judge issued the search warrant on the basis of the above information. No source was actually specified in the affidavit. The State cites *State v. Bartlett*, 14 Kan. App. 2d 237, 787 P.2d 1211 (1990), to support its contention that one may infer the source of the information in an affidavit. In *Bartlett*, officers had conducted an aerial search of the Clyde Bartlett farm and saw a growing patch

of marijuana plants. When they got a search warrant for Clyde's residence, they found over 50 growing marijuana plants and items associated with the cultivation of marijuana. While conducting the search, Clyde said that his son James did all the farming and controlled the fields and buildings. Agents subsequently obtained a search warrant for James Bartlett's residence. 14 Kan. App. 2d at 237-38.

The trial court found that the affidavit contained no evidence that drug-related activities were taking place at James' residence. It suppressed evidence based upon the finding that the affidavit did not provide probable cause for the issuance of a search warrant. 14 Kan. App. 2d at 237.

On interlocutory appeal, this court acknowledged that there was no direct evidence of drug activity at James' residence. 14 Kan. App. 2d at 239. However, it concluded that based on the totality of the circumstances, a magistrate may issue a search warrant even if there is no direct evidence that the items sought are located at the residence. 14 Kan. App. 2d at 240. It must be reasonable to believe that the items are located at the place to be searched. 14 Kan. App. 2d at 242.

This court concluded that "[c]learly, somebody was cultivating marijuana on the farm and, considering the amount of marijuana involved, which is more than a person would be likely to consume on his own, it was reasonable to believe that the marijuana was being cultivated for sale." 14 Kan. App. 2d at 242. It also pointed out that James lived only 1 mile away from his father's farm, so equipment and marijuana could be quickly and easily transported between the two residences. It found it reasonable to assume that James packaged and sold marijuana at his own home. 14 Kan. App. 2d at 243.

The present case is distinguishable from *Bartlett*. The State argues that the information in support of the affidavit supplied the issuing magistrate with the requisite probable cause for the search warrant. It contends that an "examination of the affidavit leads to only one conclusion, Karen Moore [the dominatrix] was the person providing the information."

While it is well established that hearsay may be relied upon and form the basis for a finding of probable cause, an important factor to consider under the totality of the circumstances is whether the affidavit contains any indicia of accuracy of the information. See *State v. Jaso*, 10 Kan. App. 2d 137, 138-39, 694 P.2d 1305 (1985). In the present case, the affidavit does not contain any indicia of accuracy, it contains the conclusions of the officer/affiant.

In *State v. Hemme*, 15 Kan. App. 2d 198, 806 P.2d 472, *rev. denied* 248 Kan. 998, *cert. denied* 502 U.S. 865 (1991), the defendant appealed the trial court's denial of his motion to suppress evidence seized pursuant to a search warrant. The application for the search warrant was sworn to by the requesting officer. In addition, the officer attached an unsworn informant statement to the affidavit. 15 Kan. App. 2d at 199.

The affidavit indicated that the officer/affiant came in contact with the informant who lived with a Christopher Pifer at a given address in Perry, Kansas. The informant said she had been a guest in the home of Hemme since October 1988 and had seen drugs and drug paraphernalia in the bedroom of the residence. 15 Kan. App. 2d at 201. She told the officer that she and Pifer had purchased cocaine from Hemme at his home. She also said that she saw Pifer purchase marijuana. 15 Kan. App. 2d at 201. Finally, the affidavit stated that the officer verified Hemme's address. 15 Kan. App. 2d at 202.

On appeal, this court pointed out that the affidavit contained nothing supporting the informant's reliability and credibility, except possibly the prices of drugs and a description of the interior of the house. It also noted that the officer had no established relationship with this informant. The officer's corroborating the defendant's address was not enough to establish reliability. 15 Kan. App. 2d at 202. There was insufficient probable cause to support the search warrant. This court also addressed a similar issue in *State v. Sidel*, 16 Kan. App. 2d 686, 827 P.2d 1215 (1992). The trial court denied the defendant's motion to suppress evidence seized under a search warrant. After he was found guilty at a bench trial, he appealed his conviction.

In *Sidel,* the officer/affiant attached his affidavit to the application for a search warrant. In the affidavit, the officer stated: " 'I believe the following facts to be true based on my training and experience in regard to narcotics investigations and I know the following to be true.' " 16 Kan. App. 2d at 687. He first listed generally known factors about drug traffickers. He then said that he received information that on July 18, 1989, the residence at 2050 South Main received a package from Urban Tek Growers Supply, an authorized retailer of hydroponics growing systems. Such systems are sometimes used to cultivate marijuana. The officer also verified that the electric bills at the residence were excessively high, as were the water bills. Additionally, he confirmed that the defendant lived at that residence. He walked by the residence and observed aluminum foil taped inside the windows, which he said was common for indoor growing rooms. Finally, the officer said he received an anonymous call saying that the defendant and his mother were growing and selling marijuana from their home on Main.

On appeal, this court emphasized that the affidavit must contain " 'some indicia of accuracy of the informant's information.' " 16 Kan. App. 2d at 690. It concluded that under the totality of the circumstances, the officer's affidavit contained no indicia that the tips from unknown or unidentified sources were accurate. Moreover, it pointed out that the officer's independent investigation did not corroborate the information contained in the tips. 16 Kan. App. 2d at 692-93. The court concluded that the affidavit did not provide probable cause for a search warrant.

As in *Hemme* and *Sidel,* the affidavit in the present case contains nothing supporting the accuracy of the officer's source or sources. In addition, there is no showing of independent corroborating evidence to establish reliability. The trial court was correct in concluding that the affidavit did not provide probable cause for a search warrant.

### Does the good faith exception apply?

Here, the court found that the good faith exception to the exclusionary rule does not apply. The State contends that the court erred in this finding. This contention lacks merit.

The purpose of the exclusionary rule is to deter misconduct on the part of law enforcement officers. The good faith exception to the exclusionary rule sometimes saves a search warrant. *State v. Doile*, 244 Kan. 493, 501-02, 769 P.2d 666 (1989). However, there are four situations in which evidence seized pursuant to an invalid warrant should still be suppressed:

"(1) [W]hen the judge or magistrate is deliberately misled by false information; (2) when the judge or magistrate wholly abandons his or her neutral and detached role; (3) when the warrant was so lacking in specificity that the officers could not determine the place to be searched or the things to be seized; and (4) when there was so little indicia of probable cause contained in the affidavit for the warrant that it was entirely unreasonable for an officer to believe the warrant was valid." *State v. Hemme*, 15 Kan. App. 2d at 204.

See *United States v. Leon*, 468 U.S. 897, 923, 82 L. Ed. 2d 677, 104 S. Ct. 3405, *reh. denied* 468 U.S. 1250 (1984); *Doile*, 244 Kan. at 502.

In the present case, the trial court found that the third situation was applicable. It specifically concluded that the issuing judge abandoned his neutral and detached role because there was a lack of indicia of reliability in the affidavit, and sexually explicit conduct was not alleged in the affidavit, rendering the affidavit defective.

### Indicia of reliability

The State erroneously focuses on the situations (1) and (4) listed above. These circumstances were not addressed by the trial court and, thus, are inapplicable.

The State also argues that the court's finding that the judge abandoned his neutral and detached role contradicts its finding that the affidavit lacked any indicia of reliability/probable cause for a search warrant. However, these findings are not inconsistent.

In *State v. Cardenas*, 26 Kan. App. 2d 134, 980 P.2d 594 (1999), this court found that the search warrant in question completely failed to specify any items to be seized. The general warrant delegated to officers' unlimited discretion to determine which evidence within the defendant's residence would qualify as fruits or instrumentalities of the suspected crimes. Thus, the search warrant was fatally defective. 26 Kan. App. 2d at 136-37.

Moreover, the *Cardenas* court found that the good faith exception to the exclusionary rule did not save the warrant. It concluded: "The issuing district magistrate abandoned the judge's neutral and detached role and delegated to the sheriff the power to determine generally what items would be subject to seizure. This defect is fundamentally unreasonable." 26 Kan. App. 2d at 137-38. Thus, the delegation of power to the sheriff was the act of abandoning a neutral and detached role.

On the other hand, in *Hemme*, 15 Kan. App. 2d 198, this court found that the good faith exception saved the warrant. As previously discussed, the application for the search warrant was sworn to by the requesting officer, and the officer also attached an unsworn informant statement to the affidavit. This court ultimately concluded that the affidavit did not provide probable cause to search Hemme's residence.

However, this court did find that the warrant was saved by the good faith exception. 15 Kan. App. 2d at 206. The court stated that the issue of the magistrate's neutrality was a "reasonably close question." 15 Kan. App. 2d at 205. It pointed out that even though the court disagreed as to whether the reliability of the informant was sufficiently demonstrated by the affidavit, the affidavit did contain more than mere conclusions—it contained facts. The informant was a known person who knew of the house's interior and where items would be found. She also knew prices of drugs. In addition, the court noted that there was some evidence of continuing drug activity. Therefore, the court concluded that the magistrate did not lose his neutrality in issuing the search warrant. 15 Kan. App. 2d at 206.

It is well settled that if the affidavit does not provide any indicia of probable cause, it is defective and the good faith exception does not apply. *State v. Longbine*, 257 Kan. 713, 721, 896 P.2d 367 (1995).

The magistrate's actions cannot be a mere ratification of the bare conclusions of others. In Lum's case, the attesting officer simply concluded that the alleged facts were true. There was no indicia of reliability of the officer's unknown source or sources.

" 'Bald conclusions, mere affirmations of belief, or suspicions are not enough, and while an affidavit may be based on hearsay, there must be sufficient affirmative allegations of fact as to an affiant's personal knowledge to provide a rational basis upon which a magistrate can make a judicious determination of probable cause.' " 257 Kan. at 718 (quoting *State v. Probst*, 247 Kan. 196, Syl. ¶ 3, 795 P.2d 393 [1990]).

The magistrate's deferring to the opinion of the officer was an abandonment of his detached and neutral role.

The court also concluded that the affidavit lacked probable cause in that "[explicit sexual] conduct was not even . . . suggested in the affidavit." The court said that "pictures of children in burlesque costumes or even nude, however distasteful that may seem, does not imply or require a conclusion of the explicit sexual conduct which is the essence of the crime sought to be charged."

The State does not address this issue in its brief. An issue which is not briefed is deemed abandoned. *State v. Valdez*, 266 Kan. 774, 784, 997 P.2d 242 (1999).

The warrant is not saved by the good faith exception due to the lack of indicia of reliability and resulting lack of probable cause. Thus, the issuing judge abandoned his neutral and detached role by issuing the warrant. The trial court did not err in suppressing the evidence found as a result of the search.

Affirmed.