416

(658 P.2d 1063)
No. 54,618

State of Kansas, *Appellant*, v. Samuel Mitchell, *Appellee*.

Opinion filed March 3, 1983.

*David R. Platt*, assistant county attorney, and *Robert T. Stephan*, attorney general, for the appellant.

*John C. Humpage*, of Humpage, Berger and Hoffman, of Topeka, for the appellee.

Before Foth, C.J., Spencer and Parks, JJ.

Foth, C.J.: This is an interlocutory appeal by the State from a pretrial order suppressing evidence seized from defendant's home under a search warrant. The suppressed evidence included, among other things, assorted narcotic drugs, drug paraphernalia, and controlled substances.

The motion to suppress challenged the sufficiency of the affidavit on which the warrant was issued:

"I, Michael L. Baker, of lawful age, after first being duly sworn on oath, state the following to be true, to-wit:

"1. That he is a person of 34 years of age;

"2. That his correct address is Junction City Police Department, 7th and Jefferson, Junction City, Kansas;

"3. That his occupation is Investigator with the Junction City Police Department and that he has been so employed for a period of 11 months.

"4. That he is familiar with the residence described as 739 West 9th Street, a single family wood frame structure;

"5. That on October 29, 1981, a controlled purchase of heroin, a controlled narcotic, was made from the occupant of 739 West 9th Street for the sum of $25.00.

"6. That on November 5, 1981, a controlled purchase of heroin, a controlled narcotic, was made from the occupant of 739 West 9th Street for the sum of $25.00."

"7. That the alleged narcotics purchased on October 29, 1981 and November 5, 1981, were analyzed at the KBI Laboratory in Topeka, Kansas and found to contain heroin.

"WHEREFORE, affiant believes there is probable cause to believe that this is a violation of KSA 65-4127a, Sale of a Narcotic Drug being Heroin.

"WHEREFORE, affiant prays for a search warrant be issued for the residence,

more particularly 739 West 9th Street, Junction City, Kansas for Narcotic drugs, narcotics paraphenalia, other items of contraband and records indicating narcotics transactions."

The trial court found that the affidavit contained only Officer Baker's conclusions, and provided insufficient facts from which a magistrate could find probable cause to believe narcotics were present in the house. We agree.

The State does not contend this is a "reliable informer" case meeting the tests of *Aguilar-Spinelli*. See *State v. Davis*, 8 Kan. App. 2d 39, 649 P.2d 409 (1982). Rather, it contends the affidavit is that of an officer-witness to the two narcotic sales described.

The trouble with that theory is that the affidavit does not say the officer witnessed the sale, or even that it took place at the premises to be searched. The operative paragraphs are numbered 5 and 6. Each simply says "a controlled purchase was made" from "the occupant" of the suspected premises.

The elements missing from the affidavit are: who made the "controlled purchase"; where the purchase was made; who witnessed the purchase; and if the purchase was not witnessed by an officer, what controls were imposed and by whom. The reader is asked to infer that the officer participated in the "controlled purchase," that it was made at the suspect premises, and that the circumstances were such as to guarantee the reliability of a confidential informer whose credibility could not otherwise be established. All that may have been true, but if so it would have been simple enough to put the facts in the affidavit. In particular, our research indicates that a "controlled purchase" may take many different forms. We do not think a court can take judicial notice of how a transaction occurred when it is only told that there has been a "controlled purchase."

The State strongly argues that a similar affidavit in an earlier case was upheld by a different district judge. Without belaboring the point or presuming to pass upon an issue not before us, we would point out that in that case it was alleged that the purchases were made by a confidential informant who was working with the affiant. At least an inference could be drawn from such an allegation that the officer making the affidavit somehow participated in the transaction. No such inference can be drawn from the affidavit here.

We conclude that the trial court correctly found the affidavit

insufficient and properly suppressed the fruits of the ensuing search.

Affirmed.