No. 70,777

STATE OF KANSAS, *Appellant*, v. DOUGLAS LONGBINE, *Appellee*.

(896 P.2d 367)

Opinion filed June 2, 1995.

*Thomas R. Stanton*, assistant county attorney, argued the cause, and *Julie Mc-Kenna*, county attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellant.

*James L. Sweet*, of Sweet & Sheahon, of Salina, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: After execution of a search warrant, the defendant was charged with one count of possession of marijuana, K.S.A. 1993 Supp. 65-4127b(a)(3), and one count of possession of drug para-

phernalia, K.S.A. 65-4152. The district court suppressed the evidence seized because the affidavit for the search warrant failed to state probable cause that the contraband from illegal drug transactions would be found in the place searched. The State filed an interlocutory appeal. The Court of Appeals reversed the district court in an unpublished decision filed November 4, 1994. Defendant's petition for review of the Court of Appeals' reversal of the district court's order suppressing evidence seized from his residence was granted by this court. This court has jurisdiction pursuant to K.S.A. 60-2101(b) and K.S.A. 20-3018(b).

In September 1993, a Dickinson County sheriff's officer submitted a seven-page affidavit to the magistrate, requesting search warrants for 13 separate residences in Saline County for marijuana and drugs. One of the residences requested to be searched was that of the defendant, Douglas Longbine. The affidavit stated that the officer requesting the search warrant was assigned to a special drug task force, set out the officer's extensive training and experience in obtaining search warrants, and referred to prior narcotics investigations the officer had conducted. The affidavit set forth the officer's account of the investigation of Phillip Shafer, a person believed to be involved in the distribution of marijuana in the Salina area. The affiant stated that he had received information from various sources that Shafer obtained the marijuana outside the state of Kansas, stored the bulk of the marijuana at the houses of his associates, and had numerous persons in the Salina area sell the marijuana for him. The affidavit named associates who stored marijuana at their residence for Shafer and those who sold drugs for Shafer. The affidavit did not name Longbine as an associate who stored marijuana at his house or as one of the individuals who sold drugs for Shafer.

The affidavit stated that, pursuant to court order, a pen register device had been installed on Shafer's phone line. The affiant stated that by use of the pen register, he had determined that Shafer had made numerous calls to the residences of nine individuals, including Longbine's. Over a 12-day period, officers intercepted and recorded hundreds of Shafer's calls discussing the amount of drugs available for purchase, prices, meeting places, and times. The af-

fiant further stated the officer was able to discover the identities of the nine individuals having the conversations, and that one of the persons calling was Douglas Longbine.

The affidavit also stated that the officer had used radio equipment to monitor Shafer's cordless telephone. On one occasion, the officer overheard a conversation between Shafer and Longbine. During the conversation Shafer and Longbine used language and terminology for a drug transaction. The affidavit did not set out the language or terminology which caused the officer to conclude that Shafer and Longbine were discussing a drug transaction or if Shafer or Longbine were involved in that transaction. The intercepted conversation occurred 15 days prior to the application for the search warrant. The remainder of the affidavit gave further details of Shafer's drug activities, none of which involved Longbine.

Based on the affidavit, the magistrate issued a search warrant for the 13 residences. In executing the warrant for Longbine's residence, officers seized drug paraphernalia and marijuana. Longbine was arrested and charged. Longbine filed a motion to suppress the evidence seized from his residence, claiming that the affidavit for the search warrant failed to establish probable cause that contraband would be found in his residence.

In reviewing the affidavit, the district judge noted that it failed to set forth the terminology used or the conversation between Shafer and defendant which caused the affiant to conclude Shafer and Longbine were discussing a drug transaction. The judge observed that the affiant had "lumped together" defendant with numerous other individuals who were calling or being called by Shafer. The judge noted that Longbine was not named in the affidavit as an associate who stored marijuana at his house or one who sold drugs for Shafer.

After analyzing the facts stated in the application and affidavit for the search warrant, the district judge concluded that a reasonable police officer would not have believed that the affidavit stated sufficient information to support probable cause for the issuance of the warrant to search defendant's residence. The judge granted defendant's motion to suppress the evidence seized during the execution of the warrant.

The State filed an interlocutory appeal. The Court of Appeals reversed the order of the district judge suppressing the evidence, finding (1) there was a substantial basis stated in the affidavit to conclude that probable cause existed and (2) the good faith exception to the exclusionary rule of *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, *reh. denied* 468 U.S. 1250 (1984), applied, and upheld the validity of the search.

## Standard of Review

Longbine argues that the Court of Appeals used an improper standard of review in determining that probable cause existed to support issuance of a search warrant. In its unpublished opinion, the Court of Appeals noted that in *Illinois v. Gates*, 462 U.S. 213, 236, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983), the United States Supreme Court stated that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. The Court of Appeals then observed that when called upon to review the magistrate's issuance of a search warrant, "the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *State v. Abu-Isba*, 235 Kan. 851, Syl. ¶ 3, 685 P.2d 856 (1984).

Defendant contends that after stating its standard of review, the Court of Appeals ignored the district court's findings of fact and conclusions of law. The defendant asserts there is substantial evidence to support the district court's suppression of the evidence. The question to be determined is whether the information in the affidavit supporting the application for a search warrant would lead a reasonably prudent person to believe that contraband would be found in the defendant's residence. See *State v. Ratzlaff*, 255 Kan. 738, 744, 877 P.2d 397 (1994).

In *State v. Ratzlaff*, 255 Kan. at 742, this court observed that the findings of fact of the district court control and should be accepted as the basis upon which the trial court's suppression of the evidence is reviewed. It noted that the trial court determinations of fact, unappealed from, are final and conclusive. *Palmer v. State*, 10 Kan.

App. 2d 656, 657, 707 P.2d 1091, *rev. denied* 238 Kan. 878 (1985). We have stated that when reviewing a trial court's suppression of evidence, the appellate courts normally give great deference to the factual findings of the trial court. Even though great deference is given to the factual findings of the trial court, the ultimate determination of the trial court's suppression of evidence is a legal question requiring independent appellate determination. *State v. Vandiver*, 257 Kan. 53, Syl. ¶ 6, 891 P.2d 350 (1995). The Court of Appeals was aware of its standard of review. The question is whether the Court of Appeals properly applied the standard of review.

### Sufficiency of Probable Cause Evidence

This case is procedurally and factually similar to *Ratzlaff*, 255 Kan. 738, in that the two courts reviewed the facts stated in the affidavit and reached opposite legal conclusions. In both cases, after a motion to suppress the evidence seized had been filed, the district judge in the judicial district which issued the search warrant reviewed the affidavit and decided that the information provided in the affidavit did not constitute a substantial basis for the issuing judge to conclude that probable cause existed for issuance of the search warrant of defendant's residence. The Court of Appeals read the same affidavits and found that each of the affidavits contained sufficient information to issue a search warrant. In *Ratzlaff*, 255 Kan. at 751-55, after reviewing several recent decisions examining whether affidavits for search warrants established sufficient information to conclude probable cause existed, the court determined the district judge did not err in (1) finding no probable cause to issue the search warrant and (2) suppressing the evidence seized.

K.S.A. 1994 Supp. 22-2502, in pertinent part, provides that a search warrant shall be issued upon oral or written application which states facts sufficient to show probable cause that a crime has been or is being committed and which particularly describes the person, place, or means of conveyance to be searched. Before a search warrant may be issued, there must be a finding of probable cause by a neutral and detached magistrate. The supporting affi-

davit for the search warrant must set out sufficient factual information to support an independent judgment by the magistrate that probable cause to search exists. "Bald conclusions, mere affirmations of belief, or suspicions are not enough, and while an affidavit may be based on hearsay, there must be sufficient affirmative allegations of fact as to an affiant's personal knowledge to provide a rational basis upon which a magistrate can make a judicious determination of probable cause." *State v. Probst*, 247 Kan. 196, Syl. ¶ 3, 795 P.2d 393 (1990).

In determining whether to issue a search warrant, a magistrate considers the "totality of the circumstances" presented and makes a practical, common-sense decision whether a crime has been or is being committed and whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Abu-Isba*, 235 Kan. 851, Syl. ¶¶ 1, 2. In determining whether there is a fair probability that contraband or evidence of the crime will be found at the place to be searched, the issuing magistrate considers the lapse of time stated in the affidavit. Whether the lapse of time tends to remove all probable cause for issuance of a search warrant by destroying any reasonable belief that drugs remain on the premises depends on the facts and circumstances of each particular case. *State v. Jacques*, 225 Kan. 38, Syl. ¶ 2, 587 P.2d 861 (1978).

The Court of Appeals was aware that the affidavit did not specifically state that drugs were stored at the defendant's residence. Aware of the deficiency, the Court of Appeals analyzed the affidavit and found that the examining magistrate had a "substantial basis" to conclude that probable cause existed. It reached this conclusion by observing that the affidavit clearly showed that Shafer was a drug dealer with an established network. It determined that the multiple calls to known members of the drug network and to Longbine created the "impression that Longbine was an integral part of Shafer's network." It concluded that the "impression" that Longbine was an integral part of Shafer's network was specifically substantiated and validated by the fact that Shafer and Longbine were overheard discussing the details of a drug transaction.

The Court of Appeals, after concluding there was an impression that Longbine was a member of Shafer's organization, observed that Shafer's practice of storing drugs with the members of his network was firmly established by the affidavit. Therefore, the court concluded, "because Longbine appeared to be a part of Shafer's network that drugs would be stored at his residence or that drugs were in Longbine's possession." The Court of Appeals determined under its standard of review that "it is clear that the judge issuing the search warrant had a substantial basis from the affidavit to conclude that probable cause existed, and the ruling of the trial court suppressing the evidence must be reversed."

We agree with the Court of Appeals' conclusion that the affidavit sets forth extensive information indicating Shafer was a drug dealer with an established network, that he stored marijuana at his associates' houses, and that numerous persons in the Salina area sold the marijuana for him. We note as to Longbine, examination of the affidavit reveals that: (1) numerous calls were made from Shafer's residence to the residence of defendant; (2) over a 12-day period, officers intercepted and recorded hundreds of Shafer's incoming and outgoing calls, some of which (no number was stated) were to and from Longbine, discussing the amount of drugs available for purchase, prices, meeting places, and times; and (3) 15 days prior to obtaining the search warrant, officers overheard a conversation between Shafer and defendant. During that conversation the language and terminology used made it apparent to the officers that Shafer and defendant were discussing a drug transaction. Whether the transaction was a past or future transaction or involved Longbine or Shafer was not stated in the affidavit.

After reviewing the evidence stated in the affidavit, we agree the issuing magistrate could find the affidavit created an "impression" that the defendant was part of Shafer's network. The question is, based on this impression, can the reviewing authority conclude that it follows that Longbine, if a member of Shafer's organization, has contraband stored in his residence. In *State v. Mitchell*, 8 Kan. App. 2d 416, Syl., 658 P.2d 1063 (1983), the Court of Appeals determined that an affidavit for a search warrant which states only that a "controlled purchase" of narcotic "was made from the oc-

cupant" of suspected premises is insufficient to support a finding of probable cause to believe there were narcotics on the premises. If the *Mitchell* court is correct, it follows that an affidavit for a search warrant that gives an impression but fails to state facts that support probable cause to believe that contraband will be found at the place to be searched is insufficient to buttress a finding of probable cause by the issuing magistrate.

The supporting affidavit for the search warrant must set out sufficient factual information to support an independent judgment by the magistrate that probable cause exists that a crime has been or is being committed and there is a fair probability that contraband or evidence of a crime will be found in a particular place described in the application and affidavit for the search warrant. The district judge correctly determined that the affidavit failed to state a fair probability that the contraband would be found at Longbine's residence.

## Good Faith Exception

In *Leon*, the United States Supreme Court held that the Fourth Amendment exclusionary rule should not be applied to bar evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even though the warrant is ultimately found to be invalid. 468 U.S. at 918-922. See *State v. Ratzlaff*, 255 Kan. at 751-55; *State v. Probst*, 247 Kan. at 203-07; *State v. Doile*, 244 Kan. 493, 501-03, 769 P.2d 666 (1989). The *Leon* court, however, determined that the exclusionary rule still applies in cases where (1) the judge or magistrate issuing the warrant was deliberately misled by false information; (2) the judge or magistrate wholly abandoned his or her detached and neutral role; (3) the warrant was so lacking in specificity that the officers could not determine the place to be searched or the things to be seized; or (4) that there was so little indicia of probable cause contained in the affidavit that it was entirely unreasonable for the officer to believe the warrant valid. 468 U.S. at 923; *State v. Probst*, 247 Kan. 196, Syl. ¶ 4.

Defendant argues that the affidavit fails to establish sufficient probable cause to support the issuance of the warrant for defen-

dant's residence; therefore, the good faith exception to the exclusionary rule of *Leon* does not apply and the evidence should be suppressed. The district court held that the fourth exception to *Leon* was applicable in this case because no reasonable police officer could believe that the affidavit stated probable cause to search defendant Longbine's residence. The Court of Appeals reversed the district judge, holding that the good faith exception to the exclusionary rule applied, and upheld the validity of the search.

The United States Supreme Court, when adopting the "good faith exception" in *Leon,* stated that because a search warrant provides the detached scrutiny of a neutral magistrate, which is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer engaged in the often competitive enterprise of ferreting out crime, it had expressed a strong preference for warrants in the past and declared that " 'in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall.' " 468 U.S. at 914 (quoting *United States v. Ventresca*, 380 U.S. 102, 106, 13 L. Ed. 2d 684, 85 S. Ct. 741 [1965]). The *Leon* Court noted that reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause and concluded that the preference for warrants is most appropriately effectuated by according "great deference" to a magistrate's determination. 468 U.S. at 914.

The *Leon* Court then stated that reviewing courts will not apply the "good faith exception" to a warrant based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause." 468 U.S. at 915 (quoting *Illinois v. Gates*, 462 U.S. at 239). It concluded that " 'sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.' " 468 U.S. at 915.

If the affidavit supporting the search warrant does not provide an indicia of probable cause to conclude that contraband would be found at defendant's residence, it is constitutionally and statutorily defective, and the good faith doctrine does not apply. *Leon*'s good faith exception does not apply to a warrant, such as the one here, that does not provide the magistrate with a substantial basis for

determining that probable cause existed that drugs would be found in defendant's residence.

The judgment of the Court of Appeals is reversed, and the judgment of the district court is affirmed.