(10 P.3d 765)

No. 83,653

STATE OF KANSAS, *Appellant*, v. LYZEME SAVAGE, *Appellee*.

Opinion filed September 1, 2000.

*Angela M. Wilson*, assistant district attorney, *Christine Kenney Tonkovich*, district attorney, and *Carla J. Stovall*, attorney general, for the appellant.

*Angela Stollen Brietkrentz* and *Edward G. Collister, Jr.*, of Collister & Kampschroeder, of Lawrence, for the appellee.

Before PIERRON, P.J., LEWIS, J., and PAUL E. MILLER, District Judge, assigned.

PIERRON, J.: In this interlocutory appeal, the State of Kansas appeals the trial court's order suppressing evidence seized under a search warrant.

The facts in this case are for the most part undisputed.

On April 17, 1998, Jeff Thorp called the Lawrence Police Department and reported he was living at 1405 East 15th Street and that one of the other occupants of the residence was growing marijuana in the home. Thorp spoke with Dispatch Officer Tom Moore.

Officer Moore relayed the information to Officer David Axman who went to the residence to check out the tip. In his affidavit, Officer Axman related that Officer Moore told him that Thorp had said Lyzeme Savage was growing approximately 14 small marijuana plants on a window sill in the kitchen. Thorp also told Officer Moore that he had free access to the kitchen area of the house and he would show a police officer the plants if they would come by.

When Officer Axman arrived at the residence, he knocked on the back door which led directly into the kitchen. Thorp answered the door. At the suppression hearing, evidence was presented that Thorp was 17 years old at the time of the search. Officer Axman asked the man his name, and he replied he was Jeff Thorp. Officer Axman asked Thorp if he lived at the residence and Thorp replied he did. Thorp stated he had lived there for approximately 2 months.

However, later in direct testimony, Officer Axman gave a slightly different sequence of the events. He testified that before he entered the residence, he identified himself as a Lawrence police officer, he asked Thorp his name, and then Thorp invited Officer Axman into the kitchen. It did not appear to Officer Axman that anyone else was present in the home. Officer Axman saw what appeared to be marijuana plants in the kitchen window sill. Officer Axman then asked Thorp if he lived at the residence and Thorp replied he did and had been there for approximately 2 months. Thorp told Officer Axman that he lived there with Savage, Savage's girlfriend Mary Thorp (Thorp's sister), and Mary Thorp's son. Thorp told Officer Axman that Mary and Savage slept in an upstairs bedroom and he slept on the couch in the living room.

Based on the information he gathered during his visit with Thorp, Officer Axman applied for a search warrant for 1405 East 15th Street. As additional information in his affidavit, Officer Axman stated that Thorp told him he had previously smoked marijuana at the residence, had seen Savage smoking marijuana at the residence, and that Savage had a small silver smoke pipe with a black-colored neck. The district judge granted a search warrant for the residence. As a result of the search, Savage was charged with cultivation of marijuana, individual counts of possession of mari-

juana, cocaine, methamphetamine, and two counts of possession of drug paraphernalia.

Savage filed a motion to suppress the evidence obtained in the search based on the argument that Thorp, a minor, was a temporary guest in the residence and he lacked either permission or authority to invite anyone into the residence or to give consent to the search. The district judge who issued the search warrant also heard the motion to suppress.

The main issue at the suppression hearing was the testimony of Officer Axman, who was the only witness to testify for the State. There was no testimony from either Thorp or Officer Moore. Savage repeatedly objected to Officer Axman's testimony concerning statements made by Thorp and Officer Moore as hearsay. The objections were overruled on the State's argument that the statements were not offered to prove the truth of the matter asserted. Testimony about Thorp's statements was offered to prove what Officer Axman relied on in forming his belief as to authority to enter the house. Testimony about Officer Moore's statements was offered to show why Officer Axman went to the residence.

The district court granted the suppression motion, finding that the State had failed to prove that Officer Axman legally entered Savage's residence. The court found that since the State had obtained admittance of the hearsay statements made by Thorp to Officer Axman as not being offered to prove the truth of the matter asserted, then the State had not met its burden to show that Officer Axman had any authority to enter Savage's residence or that any consent to search was given.

The district court stated that without Thorp's testimony all the State could show was that Officer Axman was dispatched to the residence and that based on information provided by the person who opened the door, Officer Axman entered and searched the residence. The court stated that if Thorp's statements were admitted to prove the truth of the matter asserted, the State would have met its burden of showing that Officer Axman had authority to enter and search the residence. On the other hand, if the statements were offered to show the facts on which Officer Axman

relied in forming his belief that he had authority to enter and search the home, then the statements were inadmissible hearsay.

The State took an interlocutory appeal to this court.

Initially, the evidence presented in this case supports a finding of probable cause to issue the search warrant for Savage's house.

"[A] search warrant shall be issued upon oral or written application which states facts sufficient to show probable cause that a crime has been or is being committed and which particularly describes the person, place, or means of conveyance to be searched. Before a search warrant may be issued, there must be a finding of probable cause by a neutral and detached magistrate." *State v. Longbine*, 257 Kan. 713, 717, 896 P.2d 367 (1995); K.S.A. 22-2502.

The supporting affidavit for the search warrant must set out sufficient factual information to support an independent judgment by the magistrate that probable cause to search exists. Bald conclusions, affirmations of belief, and suspicions are not enough. 257 Kan. at 718; see *State v. Probst*, 247 Kan. 196, Syl. ¶ 3, 795 P.2d 393 (1990). In determining whether to issue a search warrant, a magistrate considers the "totality of the circumstances" presented and makes a practical, common-sense decision whether a crime has been committed. 257 Kan. at 718; see *State v. Abu-Isba*, 235 Kan. 851, Syl. ¶¶ 1, 2, 685 P.2d 856 (1984).

The first question to be answered is whether the information in the affidavit supporting the application for a search warrant would lead a reasonably prudent person to believe that contraband would be found in Savage's residence. See *State v. Ratzlaff*, 255 Kan. 738, 744, 877 P.2d 397 (1994).

Here, Officers Moore and Axman received a phone tip from Thorp that in the house he was staying, 1405 East 15th, Savage was growing marijuana in the kitchen window sill. Thorp gave a specific address and told Officer Moore that if a police officer would come to his address he would show them the growing marijuana. Thorp told Officer Moore that he lived at that address and had free access to the kitchen area. When Officer Axman investigated the tip, he knocked on the back door and Thorp answered. Thorp did not prevent Office Axman from coming in, but instead invited him into the kitchen to examine the marijuana plants. After determining that the plants were marijuana, Officer Axman se-

cured the residence, presented the district court with the information, received a search warrant, and searched Savage's house.

We find there was definitely probable cause to issue the search warrant and the district court was certainly correct in issuing it.

The next issue is whether the district court erred in finding the State had not presented any evidence for a determination of whether Officer Axman had actual or apparent authority to make a warrantless entry of Savage's house.

"When reviewing a trial court's decision as to the suppression of evidence, an appellate court normally gives great deference to the factual findings of the trial court. The ultimate determination of the suppression of evidence is a legal question requiring independent appellate determination." *State v. Vandiver*, 257 Kan. 53, 58, 891 P.2d 350 (1995).

Officer Axman conducted a consensual search of Savage's residence. A voluntary, intelligent, and knowing consent circumvents the prohibition of a police officer's entering a person's home without a warrant. See *State v. Strecker*, 230 Kan. 602, 604, 641 P.2d 379 (1982). The district court struggled with the issue of whether the State had presented any evidence that Thorp had apparent authority to consent to a search of Savage's home.

In *United States v. Matlock*, 415 U.S. 164, 170-71, 39 L. Ed. 2d 242, 94 S. Ct. 988 (1974), the Supreme Court stated:

"[T]he consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared. . . . [W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected."

In *State v. Ratley*, 16 Kan. App. 2d 589, 591, 827 P.2d 78 (1992), this court quoted and adopted the rule from *Matlock*. The *Ratley* court further held "that Kansas adopts the 'apparent authority' rule, which makes valid a consent to search when the facts available to an officer would warrant a person of reasonable caution to believe the consenting party had authority over the premises to be searched." 16 Kan. App. 2d at 595.

The district court would not consider Officer Axman's testimony regarding Thorp's consent based on its finding that it was inadmissible hearsay evidence.

K.S.A. 1999 Supp. 60-460 defines hearsay as "[e]vidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated." In *State v. Jones*, 24 Kan. App. 2d 405, 408-09, 947 P.2d 1030 (1997), the court considered a situation where the police made a warrantless entry into an apartment based on the emergency doctrine. The police entered the apartment based on statements from owner's parents that the owner had not contacted them in several days and they feared for their son's welfare. The defendant was caught inside with drugs. The defendant argued that the police officer's testimony concerning the parents' concern was inadmissible hearsay and the parents should testify personally in order for the court to determine whether they actually feared for their son's welfare and whether there was an emergency.

The *Jones* court stated the issue was not whether the parents honestly feared for their son or whether the son was truly in danger:

"The issue was whether there were sufficient facts to support a reasonable belief by Officer Orbin that an emergency existed which justified entry into the premises. While the [parents'] testimony might have been helpful in this regard, it was not required. Officer Orbin was qualified to testify as to the information he acted upon, and it was for the trial court to judge his credibility.

"As for Officer Orbin's testimony regarding statements made to him by the [parents], this evidence was admissible. Out-of-court statements made by third parties to police officers which are offered to the court merely to explain the officers' conduct in the course of their investigative duties are generally admissible because they are not offered for the truth of the matter stated. It is only when such statements also directly incriminate the defendant that they are inadmissible, absent application of some hearsay exception. [Citation omitted.]" 24 Kan. App. 2d at 408-09.

Here, the issue is whether there were sufficient facts to support a reasonable belief by Officer Axman that Thorp had apparent authority to consent to a search of Savage's residence. Testimony from Thorp was not necessary to establish this belief. Officer Axman was qualified to testify as to the information he acted upon. The caller who gave the tip concerning the marijuana cultivation

identified himself as Thorp and said he lived at the residence where the marijuana was growing. Thorp was present at the residence when Officer Axman arrived and knocked on the back door. No one else appeared to be at the residence. Thorp told Officer Axman that he had lived at the house for the last 2 months and had slept on the couch during that time. Thorp showed Officer Axman where the marijuana plants were that he had referred to in his phone call to the police department. Officer Axman's testimony should have been admitted as evidence of what led him to believe that Thorp had apparent authority to consent to a search of Savage's house. Further, none of the statements concerning apparent authority incriminated Savage.

While it may be better to present direct testimony from the party who gave the officer the information on which he or she relied, it is usually not a precondition for its consideration.

We also hold Thorp's minority status did not invalidate his consent or the warrant. Modern cases evaluating the validity of a minor's consent to a search of a defendant's residence have typically applied the *Matlock* common authority test. Annot., 99 A.L.R.3d 598, 600; see 3 LaFave, Search and Seizure §8.4(c), p. 772 (1996); see, e.g., *Saavedra v. State*, 622 So.2d 952, 957-58 (Fla. 1993), *cert. denied* 510 U.S. 1080. Under the *Matlock* common authority test, courts apply "a case-by-case approach to determine the scope of a minor's common authority to consent and whether the consent was knowing and voluntary." *Saavedra*, 622 So.2d at 957.

As discussed above, Officer Axman was reasonable in his belief that Thorp had apparent authority to consent to a search of Savage's residence. Thorp's consent was also clearly knowing and voluntary. He initiated contact with the police department and reported that Savage was growing marijuana in the kitchen window sill of the house. He told Officer Moore that he lived at the residence and had free access to the kitchen. When Officer Axman came to the house, there was no duress or coercion, and Thorp invited Officer Axman into the house to see the marijuana plants. Thorp told Officer Axman that he had lived in the house for approximately 2 months and slept on the living room couch. Further, at the suppression hearing, Officer Axman testified that Thorp un-

derstood his questions, he was not intoxicated in any fashion, and he had the apparent maturity to understand why Officer Axman was there.

Having found the district court erred in granting the motion to suppress and that the search warrant was valid, there is no need to address the State's request that we consider the good faith exception to the exclusionary rule. See *United States v. Leon*, 468 U.S. 897, 918-922, 82 L. Ed. 2d 677, 104 S. Ct. 3405, *reh. denied* 468 U.S. 1250 (1984); *Ratzlaff*, 255 Kan. at 751-55; *Probst*, 247 Kan. at 203-07 (exclusionary rule should not be applied to bar evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even though the *warrant is ultimately found to be invalid*).

The district court's decision granting the motion to suppress is reversed.

Reversed and remanded.